

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Sarah Hamm, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 227 |
| ) | |
| Ameriquest Mortgage Company et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ameriquest Mortgage Company's, Defendant Ameriquest Mortgage Securities, Inc.'s, and Defendant AMC Mortgage Services' (collectively referred to as "Ameriquest") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Plaintiff Sarah Hamm ("Hamm") alleges that on January 19, 2002, she obtained a mortgage loan from Defendant Ameriquest Mortgage Company which was secured by a mortgage on her residence in Markam, Illinois. Hamm claims that

1

she sought out the loan in order to pay off her credit cards, make home repairs, and pay off the loan on a family member's car. Hamm alleges that based upon her discussions with Ameriquest employees prior to the closing on the mortgage, Hamm believed that she was going to receive a fixed-rate loan, but that at the closing she discovered that she was receiving an adjustable rate loan that could have interest rates as high as 16.99%. Hamm also contends that the payment schedule for the loan payments was not adequately disclosed to her before closing. Hamm acknowledges that, despite her misgivings about the change in terms in the mortgage and the lack of clarity in the disclosures to her, Hamm signed all the closing documents. The closing documents included a Notice of Right to Cancel that informed Hamm of a three day recision period during which she had a right to rescind the mortgage agreement. Hamm also signed a One Week Form that informed her of Ameriquest's policy of providing her with seven days to cancel the mortgage agreement. Hamm also signed a document that represented she had read and understood all the documents. Hamm claims that she was told at closing that she would receive a copy of the closing documents "in a couple of days" and that she received the documents two days after the closing. Hamm alleges that Ameriquest assigned her mortgage to Ameriquest Mortgage Securities, Inc. and the loan is being serviced by AMC Mortgage Services. Hamm brought the instant action seeking to have the mortgage rescinded based upon alleged deficiencies in the disclosures relating to her recission rights and the payment plan that were provided by Ameriquest in violation of the

Truth in Lending Act ("TILA"), 15 U.S.C. § 1601. Hamm also seeks statutory damages and attorneys' fees under TILA.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Ameriquest argues that it is entitled to summary judgment because its disclosures regarding the right to recision and the payment schedule were proper under TILA. Ameriquest also argues that statutory damages are barred by the statute of limitations.

### I. Disclosure of Recision Rights

Hamm argues that Ameriquest did not adequately inform her of her recision rights under TILA. Pursuant to 15 U.S.C. § 1635(a), a consumer of a credit transaction "shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under [Section 1635] together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the

Board, of his intention to do so." 15 U.S.C. § 1635(a). The creditor is required to "clearly and conspicuously disclose" to the consumer his or her right to rescind the transaction within the specified period. *Id.* Whether or not disclosures comply with "TILA-mandated disclosures is determined from the standpoint of the ordinary consumer." *Rivera v. Grossinger Autoplex, Inc.*, 274 F.3d 1118, 1121-22 (7th Cir. 2001); *see also Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803, 806 (7th Cir. 2001)(cautioning the courts not to deem an ordinary consumer to have the business and legal knowledge of "a Federal Reserve Board member, federal judge, or English professor").

In the instant action, Hamm admits pursuant to Local Rule 56.1 that Ameriquest's Notice of Right to Cancel is identical to Recision Model Form H-8 and thus Ameriquest would be entitled to a safe harbor protection in regards to the Notice of Right to Cancel pursuant to 15 U.S.C. § 1604. Hamm acknowledges that the Notice of Right to Cancel was sufficient, but argues that "Ameriquest negated [the] otherwise clear and conspicuous disclosure of the right to cancel by delivering a 'One-Week Cancellation Period' form." (Ans. SJ 8). Hamm also contends that the One Week Form would create confusion for an ordinary consumer by apparently modifying or waiving the clearly established three day recision period included in the Notice of Right to Cancel. Hamm contends that although the seven day extension period provided in the One Week Form appears to be a concession provided by the generosity of Ameriquest, the form actually is intended to create

5

confusion and inhibit a loan applicant's ability to cancel mortgage agreements.

We first note that Hamm concedes that she did not actually rely upon the One Week Form and therefore did not suffer any actual damages based upon the One Week Form. Hamm admits pursuant to Local Rule 56.1 that she did not read the One Week Form until months after the closing. ( R SF 21). Actually, Hamm admitted at her deposition and admits pursuant to Local Rule 56.1 that she "did not rely on any of the statement contained in the one Week Form" and that it "had no influence on her at all." ( R SF 23). Hamm also acknowledges that she was given an opportunity to read the One Week Form at the closing and signed a document stating that she read and understood all the documents, even though she did not do this. ( R SF 6, 8). Hamm admits pursuant to Local Rule 56.1 that "she did not wish to cancel her loan during the federal three day recision period or during Ameriquest's seven day recision period." ( R SF 24). Hamm is thus seeking to rescind the mortgage agreement and statutory damages based solely upon a technical and immaterial contention.

Hamm admits that she was provided with the appropriate three day notice in the Notice of Right to Cancel. The mere fact that Ameriquest provided Hamm with a separate document that explained Ameriquest's policy allowing a loan applicant seven days to cancel the loan agreement clearly should not have in any way confused an ordinary consumer. The express instructions in the Notice of Right to Cancel explaining the three day recision rights was not in any way altered or

abrogated by the language in the One Week Form. The One Week Form begins by specifically delineating the right to a three day recision period, which is described as a "right under Federal or state law." ( R SF 18). In a separate paragraph later in the one Week Form, Ameriquest explains that it is their policy to give one week to a loan applicant to cancel the loan in order to "give [the consumer] more time to study [the] loan documents, obtain independent advice and/or shop for a loan that [the consumer] believes is better. . . ." ( R SF 18). It would be clear to an ordinary consumer that the three day recision period and the one week cancellation period provided to Hamm are not synonymous. Also, as noted above, the Notice of Cancellation was provided to Hamm on a separate form from the One Week Form. Thus, no reasonable trier of fact could conclude that Ameriquest's disclosures regarding the right of recision were inadequate under TILA.

## II. Payment Schedule

Hamm also argues that the payment schedule was not adequately disclosed by Ameriquest. She contends that she did not understand that her payments would be monthly payments because the word "monthly" did not appear in the mortgage documents. However, the payment schedule was adequately laid out in several documents signed by Hamm at the closing. She also signed documents that explained that there would be approximately 360 payments due over the course of 360 months. ( R SF 26). Thus, it should have been clear to an ordinary consumer

7

that her payments would be monthly and she should not have had any confusion regarding the payment schedule. Hamm's arguments clearly seek to manufacture a point of confusion where none existed for the purposes of defeating the summary judgment motion. Thus, no reasonable trier of fact could conclude that the disclosures regarding the payment schedule were not clear for an ordinary consumer. We also note that Hamm admits pursuant to Local Rule 56.1 that she "understood both prior to, and after, her loan closing that her payment would be due monthly," ( R SF 12), and that her complaints about the adequacy of the payment schedule is also based solely on a technical and immaterial contention.

III. Statute of Limitations

We also note that even if we were to deny Ameriquest's motion for summary judgment based upon the above issues, Hamm's request for statutory damages are time-barred by the statute of limitations. Pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Hamm alleges that the loan closing was in 2002 and she did not bring the instant action until January of 2005, which is well after the limitations period. Hamm argues that since she has an extended right to rescind the agreement, the statute of limitations period is also extended. However, Hamm cites no controlling precedent to support such a notion.

We agree with the holding in *Brown v. Nationscredit Financial Services Corp.*, 349 F.Supp.2d 1134 (N.D. Ill. 2005), which addressed and rejected the same argument that is presented by Hamm. In *Brown*, the plaintiff pointed out that "[i]f the lender neglects to make a material disclosure as defined in the implementing regulations, the borrower's right to rescind may be extended for up to three years." *Id.* at 1137. The plaintiff in *Brown* thus argued that a statutory damages claim based upon recision rights disclosures is provided a three year statute of limitations period. *Id.* The court in *Brown* stated that it did "not believe that in adopting § 1635(g), Congress intended to alter the one-year statute of limitations applicable to damage claims" and that "[n]otably, § 1635(g) contains no language to suggest that Congress intended to override the statute of limitations set out in § 1640(e)." *Id.* Therefore, even if we were not to grant summary judgment on the above issues, Hamm would be barred from recovering statutory damages in the instant action.

## CONCLUSION

Based on the foregoing analysis, we grant Ameriquest's motion for summary judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 27, 2005