IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH HAMM, ) | |
| ) | |
| Plaintiff, ) | 05 C 0227 |
| ) | |
| v. ) | Judge Der-Yeghiayan |
| ) | |
| AMERIQUEST MORTGAGE COMPANY, ) | Magistrate Judge Nolan |
| ) | |
| Defendant. ) | **JURY DEMANDED** |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff Sarah Hamm respectfully moves this Court for entry of a judgment, with an award of attorney's fees and expenses (to be petitioned for separately). In support of this motion, plaintiff states as follows:

1. On October 17, 2007, the Seventh Circuit Court of Appeals unanimously reversed the judgment entered by this Court on September 29, 2005 in favor of defendant Ameriquest Mortgage Company ("Ameriquest"). *Hamm v. Ameriquest Mortgage Company, et al.*, 05-3984; 2007 U.S. App. LEXIS 2459 (7th Cir. 2006). The Seventh Circuit held that Ameriquest failed to properly disclose the repayment period on the TILA Disclosure Statement that it provided to Ms. Hamm, in violation of § 1638(a)(6) of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* (TILA), and 12 C.F.R. § 226.18(g)(1) of Regulation Z and Supp. I, para. 18(g)(4)(I) of the Official Staff Commentary.

2. Under TILA, one of the remedies for this violation is rescission of the transaction. 15 U.S.C. §§ 1635(b). In addition, actual and statutory damages are available when a defendant creditor refuses to rescind a loan that it should have rescinded. 15 U.S.C. § 1635(g);

1

Jones v. Ameriquest Mortgage Co., 2006 U.S. Dist. LEXIS 3788, **27-28 (N.D.Ill. 2006); and Brown v. Nationscredit Financial Services Corp., 349 F. Supp. 2d 1134, 1138 (N.D.Ill. 2005). This case was filed January 14, 2005, and Ameriquest has not rescinded plaintiff's loan. Finally, the creditor is also liable for the consumer's reasonable costs and attorneys' fees. 15 U.S.C. § 1640(a)(3).

3. Ms. Hamm was forced to pay off her loan from Ameriquest during the appeal process. Accordingly, she is now entitled to the return of all finance charges she paid in connection with the loan. 15 U.S.C. § 1635(b); Handy v. Anchor Mortgage Corp., et al., 464 F. 3d 760, 765-66 (7th Cir. 2006)("We...hold that the remedies associated with rescission remain available even after the subject loan has been paid off....").

4. To determine the precise amount of the refund due to Ms. Hamm, on December 11, 2007, plaintiff's counsel requested from defendant's counsel a complete servicing history for Ms. Hamm's loan, showing all finance charges and fees paid. Defendant's counsel responded that he will request the same from his client.

5. Plaintiff requests an award of statutory damages for refusal to rescind in the amount of $2,000. 15 U.S.C. § 1635(g); 15 U.S.C. § 1640(a)(2)(A)(iii).

6. Plaintiff will compute the total amount of the judgment to once defendant's counsel provides the payment history. To date, the amounts consists of:

  $ 3,626.65  Finance charges paid at the closing

  $ _____  Finance charges paid after closing and over the life of the loan; and

  $ 2,000.00  Statutory Damages for Refusal To Rescind

5. Plaintiff will petition the Court separately for an award of her attorney's

fees and expenses.

WHEREFORE, for the foregoing reasons, plaintiff respectfully asks the Court to enter a judgment, plus attorney's fees and costs.

Respectfully submitted,


s/ Al Hofeld, Jr.
Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)