IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Sarah Hamm,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 05 C 227 |
| | ) | |
| **Ameriquest Mortgage Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ameriquest Mortgage Company's ("Ameriquest") motion for relief from judgment. For the reasons stated below, we deny the motion.

# BACKGROUND

Plaintiff Sarah Hamm ("Hamm") brought the instant action contending that she obtained a mortgage loan from Ameriquest, which was secured by a mortgage on her residence in Markam, Illinois. Hamm sought to have the mortgage rescinded based upon alleged deficiencies in the disclosures relating to her rescission rights and the payment plan that were provided by Ameriquest in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601. Hamm argued, for example that although

1

she signed documents that explained that there would be approximately 360 payments due over the course of 360 months, she did not understand that her payments would be monthly payments because the word "monthly" did not appear in the mortgage documents.

On September 27, 2005, we granted Ameriquest's motion for summary judgment, and on September 29, 2005, we entered judgment in favor of Ameriquest. On October 17, 2007, the Seventh Circuit reversed the summary judgment ruling and remanded the action for entry of summary judgment in favor of Hamm. *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007). On December 19, 2007, we entered judgment in favor of Hamm and we gave the parties a briefing schedule relating to fees and costs. Hamm submitted a final billing statement on February 25, 2008, and we entered final judgment on March 20, 2008. Ameriquest now moves pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") to vacate the judgment.

## LEGAL STANDARD

Rule 60(b) provides the following:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment

2

> that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions "'serve a limited function,'" allowing parties to "'correct manifest errors of law or fact or to present newly discovered evidence.'" *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008)(quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); *see also Instrumentalist Co. v. Marine Corps League*, 694 F.2d 145, 154 (7th Cir. 1982)(stating that "Rule 60(b)(5) 'does not allow relitigation of issues which have been resolved by the judgment,'" and instead "'it requires a change in condition that makes continued enforcement inequitable'")(quoting in part *De Fillippis v. United States*, 567 F.2d 341, 342 (7th Cir. 1977). The vacation of a prior ruling pursuant to Rule 60(b) "'is an extraordinary remedy and is granted only in exceptional circumstances.'" *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)(quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)); *see also Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir. 1983)(stating that "[w]here the moving party has been prevented from presenting the merits of his case by the conduct of which he complains, Rule 60(b) relief is most appropriate"); *Instrumentalist Co.*, 694 F.2d at 154 (stating that "[i]t is a well established general rule 'that modification of a judgment pursuant to Rule 60(b) is extraordinary relief which requires the showing of special circumstances'")(quoting in part *United States v. Workwear Corp.*, 602 F.2d 110, 114 (6th Cir. 1979)).

## DISCUSSION

Ameriquest is asking this court to vacate a judgment that was entered pursuant to an order of the Seventh Circuit. Ameriquest contends that while Hamm's appeal was pending with the Seventh Circuit, Hamm accepted an offer to release her claims against Ameriquest in exchange for a monetary payment, and thus, Hamm wrongfully availed herself of the Seventh Circuit's reversal in this case. Ameriquest claims that it had entered into a settlement agreement ("Settlement") with 49 Attorney Generals, including the Attorney General of Illinois, concerning Ameriquest's loan practices. Rust Consulting, Inc. ("Rust") was appointed as a third-party administrator for the Settlement. According to Ameriquest, a release ("Release") was sent by Rust to all the borrowers, including Hamm, and Hamm returned the signed Release to Rust in July 2007. This was 22 months after our ruling in favor of Ameriquest and 3 months before the Seventh Circuit's ruling in favor of Hamm. According to Ameriquest, in December 2007, Hamm was sent a check for $750.00 in consideration for her Release. Thus, the Release check was issued after the Seventh Circuit's ruling in favor of Hamm. Ameriquest now seeks to have the judgment in favor of Hamm vacated based upon the alleged discovery of the Release, which Ameriquest contends was concealed by Hamm from the Seventh Circuit. Ameriquest contends that the Release should be considered as new evidence in this case and seeks relief under Rule 60(b)(2), (b)(3), and (b)(5). (Mem. Mot. 1).

I. Newly Discovered Evidence (Rule 60(b)(2))

Ameriquest argues that it is entitled to relief from the judgment under Rule 60(b)(2) based upon new evidence. As indicated above, Rule 60(b)(2) allows a party to seek relief based upon new evidence but only if the party can show that "with reasonable diligence, [the evidence] could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). The movant must also show that the evidence was discovered after the final judgment was entered in the case and that the evidence is "material, admissible, credible, not merely cumulative or impeaching, and likely to change the outcome" of the case. *Peacock v. Board of School Com'rs of City of Indianapolis*, 721 F.2d 210, 213-14 (7th Cir. 1983).

Ameriquest argues that it could not have discovered the Release in time to present the evidence before the ruling by the Seventh Circuit on October 17, 2007, or before the final judgment entered by this court in favor of Hamm on March 20, 2008. Ameriquest contends that it was not involved in the administration of the Settlement and that it was not until November 30, 2007, that Ameriquest received from Rust a list of borrowers who returned their releases, opting into the Settlement. The list allegedly included over 300,000 borrowers and was provided in an electronic format that was not readable on Ameriquest's computers. Ameriquest states that it began manually cross checking the list of borrowers who had returned releases against its list of borrowers engaged in litigation against it, and that Ameriquest discovered on March 20, 2008, the same day final judgment was entered by this court in favor of Hamm, that Hamm had signed and returned the Release. Hamm argues that the Release does not qualify as newly discovered evidence arguing, for example, that

5

under Ameriquest's own version of the facts, Ameriquest failed to make a timely motion pursuant to Federal Rule of Civil Procedure 59(b) ("Rule 59(b)"). Hamm also contends that the Release would not be admissible evidence that would alter the outcome in this case since Hamm was represented by counsel, and the document relating to release is invalid since it was sent directly to Hamm.

A. Direct Communication

Hamm argues that the Release cannot be considered newly discovered evidence that would alter the outcome in this case because the Release is invalid. Hamm contends that she was represented by counsel and that the Release was sent directly to her rather than to her counsel. Rule 4.2 of the Rules of Professional Conduct for the Northern District of Illinois ("Rule 4.2") bars direct communication to individuals that are represented by counsel, and a court can prohibit improper conduct in a case that violates Rule 4.2. *See, e.g., Guillen v. City of Chicago*, 956 F. Supp. 1416, 1429 (N.D. Ill. 1997). However, in this case Ameriquest did not contact Hamm. Rust, a third-party administrator charged by the Attorney Generals with implementing the Settlement, contacted Hamm directly. It is not clear whether Rust was an agent of Ameriquest. Regardless, the record does indicate that Ameriquest, as a party to the Settlement, could have obtained the necessary information and that the information was thus always within Ameriquest's reach. Ameriquest states, for example, that when it discovered that Hamm was on the list of borrowers that had signed releases, Ameriquest sought a confirmation from Rust and Rust provided such information.

6

We do note that Rust was not charged with protecting Ameriquest's rights in ongoing litigation. It was Ameriquest that was in litigation with Hamm and it should have been Ameriquest's responsibility to ensure proper record keeping relating to individuals who were being contacted relating to settlement.

If Ameriquest desired to protect its interests in an ongoing litigation such as this, it was also incumbent upon Ameriquest to at least attempt to ensure that the release process was done in a manner that would have allowed Ameriquest to learn of releases, such as the Release signed by Hamm, in a timely fashion. Ameriquest had been dealing with Hamm's counsel in the instant action. Had Ameriquest informed Rust of the name of Hamm's counsel or provided Rust with Hamm's counsel's address instead of Hamm's personal address, Ameriquest and Hamm's counsel would have been aware of the Release in a timely fashion.

### B. Rule 59(b) Motion

Hamm contends that Ameriquest failed to move for relief in a timely fashion under Rule 59(b). A party can file a Rule 59(b) motion within ten business days after judgment is entered in the case. Fed. R. Civ. P. 59(b), 6(a). We entered final judgment in favor of Hamm on March 20, 2008, and thus Ameriquest had until April 3, 2008, to bring a Rule 59(b) motion. According to Ameriquest's own facts, Eileen Rubens ("Rubens"), who works for Ameriquest, first discovered the Release on March 20, 2008, the day that this court entered judgment in favor of Hamm. (Rubens Decl. Par. 8). Rubens contends that she then contacted Rust for a confirmation of the

information, and Rust confirmed the existence of the Release "5 days later." (Rubens Decl. Par. 8). First of all, once Rubens discovered the release on March 20, 2008, Ameriquest could have brought a Rule 59(b) motion. There is no provision in Rule 59(b) that provides parties with extensions in order to investigate facts. Rubens' decision to await confirmation did not relieve Ameriquest of its obligation to bring a Rule 59(b) motion within the set period. In addition, even after Rubens received the confirmation of the Release, Ameriquest still had time to bring a Rule 59(b) motion within ten business days of the entry of the judgment and Ameriquest failed to do so. Ameriquest did not bring the instant motion until May 23, 2008. Thus, since Ameriquest could have brought the existence of the Release to this court's attention in a timely Rule 59(b) motion and Ameriquest failed to do so, the Release cannot be deemed newly discovered evidence that supports relief under Rule 60(b)(2).

II. Fraud or Misrepresentation (Rule 60(b)(3))

Ameriquest argues that it is entitled to relief under Rule 60(b)(3) based on the fact that Hamm concealed the Release from the Seventh Circuit and this court, and committed a fraud on the courts and misrepresented facts through omission. As indicated above, under Rule 60(b)(3) a party can seek relief from a judgment based upon "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . ." Fed. R. Civ. P. 60(b)(3). In considering whether to afford relief based on Rule 60(b)(3), "a court must weigh the competing policy interests of the finality of judgment against fundamental fairness in light of all

8

of the facts." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995)(stating that "Rule 60(b)(3) does not refer to timeliness in discovering the fraud, but only that the motion be made within a reasonable time"). Rule 60(b)(3) provides relief for "both intentional and unintentional misrepresentations." *Id.* Ameriquest had access to the information as a party to the Settlement efforts and Ameriquest was familiar with the ongoing Settlement process. For example, Ameriquest acknowledges that it knew that solicitations for releases had been sent out to borrowers and that borrowers were returning releases to Rust. Ameriquest, therefore, could have inquired from Rust during the pendency of the appeal whether Hamm had returned a release. As indicated above, Ameriquest cannot claim ignorance when it has not shown that the information concerning the Release was not available to Ameriquest. Ameriquest argues that "it had no reason to inquire or to believe – during the pendency of an appeal that Hamm's counsel was actively prosecuting – that Hamm would release, or had released, her claims." (Mem. Mot. 11). We disagree. There is no information in the record that shows that Hamm's counsel was informed of the Release. Since Ameriquest knew that releases had been mailed to borrowers, including Hamm, and Ameriquest had been engaged in ongoing litigation with Hamm, Ameriquest actually had an added incentive to investigate whether Hamm signed a release and to ensure that Hamm's counsel was notified of the release solicitation. Ameriquest cannot correct its lack of thoroughness with this Rule 60(b) motion. Ameriquest was thus not diligent in obtaining the information or advising the Seventh Circuit or this court of the ongoing Settlement solicitations. Ameriquest accuses Hamm, who was contacted

9

directly rather than through counsel relating to the subject matter of this litigation, of misrepresentation through omission, yet Ameriquest appears to have neglected to advise the courts of the ongoing attempts to contact a party to this litigation also through omission. Thus, Ameriquest has not established that it should prevail on the instant motion.

Ameriquest was represented by counsel in this matter and had an obligation to find out if Hamm had submitted a signed Release to Rust. Ameriquest at least had an obligation to advise the Seventh Circuit before the ruling on appeal that Rust had been contacting borrowers of a class that included Hamm for a settlement.

Ameriquest has not presented evidence that shows that Hamm's counsel had knowledge of the Release prior to this court's final ruling. Nor has Ameriquest presented any evidence that Hamm actively attempted to conceal the Release or made misrepresentations concerning the existence of the Release. Ameriquest has not shown the Release to be evidence that could support relief under Rule 60(b)(3). As indicated above, Rule 60(b) relief can only be obtained in extraordinary circumstances, and Ameriquest has not shown that such extraordinary circumstances exist.

III. Satisfaction or Discharge (Rule 60(b)(5))

Ameriquest argues that it is entitled to relief from the judgment in this case because the dispute between Ameriquest and Hamm was satisfied and Ameriquest was released from further obligations. As indicated above, under Rule 60(b)(5) a

party can seek relief from a judgment if "the judgment has been satisfied, released or discharged. . . ." Fed. R. Civ. P. 60(b)(5). The evidence that Ameriquest now seeks to present to the court could have been discovered by Ameriquest with reasonable diligence prior to the Seventh Circuit's ruling in this case. Although Ameriquest contends that it discovered the Release in the ordinary course of business after this court's entry fo the final judgment, Ameriquest could have taken steps to locate such information and brought the instant motion sooner. At the instant juncture, after the appeal has been resolved, Ameriquest has not provided a sufficient justification to grant Ameriquest's motion. *See, e.g., Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir. 1993)(stating that "[e]ven in the case of a mutual decision of the parties to settle on terms that will shield them from being plagued by the judgment in the future, [the Court has] held that th[e Seventh Circuit] is not required to vacate orders rendered before the case was settled").

The Seventh Circuit has indicated that although "Rule 60(b) specifically authorizes district courts to relieve a party from a final judgment under a variety of circumstances . . .[,] the need for the finality of judgments is an overarching concern," and "Rule 60(b) sets a 'higher value on the social interest in the finality of litigation.'" *Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)(quoting in part *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 682 (7th Cir. 1983)). There must be a finality in litigation and it is too late for Ameriquest to undo the mandate entered by the Seventh Circuit relating to the merits of this case. *Robinson v. City of Harvey*, 489 F.3d 864, 869 (7th Cir. 2007)(referring

to the "long-recognized public interest in the finality of litigation"). Pursuant to the Seventh Circuit's decision in this case, Ameriquest was in violation of TILA and the Seventh Circuit ordered judgment be entered in favor of Hamm. As a result, costs and attorneys fees were incurred during this litigation and which were recoverable. Ameriquest has not shown that there are extraordinary circumstances that warrant vacating the final judgment in this case under Rule 60(b)(5). Therefore, based on the above, we deny Ameriquest's motion for relief from judgment. However, as a matter equity, in order to avoid or prevent a windfall to Hamm of $750.00 that according to Ameriquest was mailed to her, we will amend the final judgment in favor of Hamm in the amount of $96,845.56, and reduce the amount by $750.00. The final judgment amount, therefore, is $96,095.56.

## CONCLUSION

Based on the foregoing analysis, we deny Ameriquest's motion for relief from judgment.

                                         _____
                                         Samuel Der-Yeghiayan
                                         United States District Court Judge

Dated: August 14, 2008